## IN THE MATTER OF JUDICIAL DITCH PROCEEDINGS NO. 9 OF NOBLES COUNTY, MINNESOTA.

### JACKSON COUNTY, PETITIONER.

### MARGARET THOMPSON, PETITIONER.

### F. D. MITCHELL, PETITIONER.[1]

May 26, 1922.

Nos. 22,665, 22,666, 22,667.

Former decision law of the case—drainage of meandered lake.

Former decision that Round Lake was not drainable is the law of this case, but would be set aside if proposed open ditch was permitted—Landowners cannot rid their land of surface water so as to unnecessarily in-

[1]Reported in 188 N. W. 321.

jure others—When surface water reaches a natural stream or permanent lake it ceases to be surface water. [Reporter.]

Upon the relations of the county of Jackson, of Margaret Thompson and of F. D. Mitchell, the supreme court granted its writs of certiorari directed to the district court of the Thirteenth judicial district and the Honorable L. S. Nelson, judge thereof, to review the action of that court granting a modification in Judicial Ditch No. 9 of Nobles county. Reversed and remanded.

*E. H. Nichols*, County Attorney, and *Putnam & Carlson*, for relators. *Wilson Borst* and *S. S. Smith*, for respondents.

PER CURIAM.

The township of Round Lake in Jackson county lies adjacent to Nobles county. The body of water known as Round Lake is meandered and wholly within the boundary of sections 7, 8, 17 and 18 in that township. It covers an area of over 1,000 acres and extends west to within a few rods of the Nobles county line. The lake is a clear sheet of water ranging from one to six feet in depth. Immediately to the west thereof are several sections of land in Nobles county which might be considerably benefited by tile drainage. During the fall of 1916, such proceedings were duly had that the county board of Jackson county established a uniform height at which the waters in Round lake should be maintained, under section 5438, G. S. 1913. That proceeding was reviewed and held to be valid by this court. State ex rel. County of Jackson v. District Court of Thirteenth Judicial District, 146 Minn. 150, 178 N. W. 595.

In August, 1916, a petition was filed with the district court of Nobles county asking for the establishment of a drainage system to be known as Judicial Ditch No. 9 of Nobles county, involving the drainage of lands in both Nobles and Jackson counties. The proposed system provided, among other things, for an open ditch beginning in Nobles county at the southwest corner of section 2, in the township immediately to the west of Round Lake township, extending thence in a general southeasterly direction through the bed of Round Lake and terminating on the southeast quarter of section 24 in Round Lake township. This proposed open ditch, if constructed, would have completely drained Round Lake. Such proceedings were subsequently had that the district court made and filed an order establishing the proposed drainage system. Upon certiorari the procedure was reviewed by this court and the order of the district court, insofar as it affected Round Lake, was reversed and the case remanded for further proceedings not inconsistent with that opinion. It was there held that the

order of the Jackson county board should be given effect and for that reason the lake was not drainable. 146 Minn. 150, 178 N. W. 595.

Subsequent to the filing of the decision referred to, a petition was filed with the district court asking for the alteration of the proposed open ditch, whereupon the court made an order directing the engineer in charge to make a survey of the portion to be altered, and that upon the filing of a report thereof the viewers reassess the benefits and damages arising therefrom and file their report thereof. The survey and assessments were made and the reports thereof filed. A final hearing thereon was had and on July 22, 1921, an order was filed granting the proposed alteration and establishing the drainage system. That procedure is now before us upon certiorari.

The drainage system, if constructed as altered, will consist of an open ditch extending from the southwest corner of said section 2 in Nobles county, in a southeasterly direction about 11 miles, terminating on the southeast quarter of section 24, in the township of Round Lake, with many tile laterals; the open work as planned ranging in depth from 3 to 31 feet and at places as wide as 75 feet. It follows the line indicated in the original plan, except that, as it crosses the county line on its eastward course, instead of passing through the bed of Round Lake, it veers to the south, entering the meandered line of the lake at station 230, crossing an inlet and arm of the lake and continuing within the meandered lines for a distance of something like 1,700 feet, where it passes to the outside of the meandered line, thence east along the south shore of the lake. The proposed cut where it passes through the meandered territory is over 14 feet in depth and where it passes along the south shore is from 20 to 30 feet in depth, being over 8 feet below the bottom of the lake at its deepest place. The soil at the bottom of the lake and along the south shore is sandy and porous. The lake is not fed by springs. It has three natural inlets, one at the northwest, one at the southwest through the arm crossed by the open ditch, and one on the south near the section line between sections 17 and 18, which is also crossed by the open ditch. The open ditch enters and continues some considerable distance within the water level lines established by the Jackson county board. It is manifest that by crossing the two inlets the open ditch converts such inlets to outlets, which, together with the porous condition of the soil, will completely drain the lake. The result of such a proceeding is not consistent with the decision filed when the matter was formerly before this court. That decision must be considered the law of the case as long as the conditions remain the same as at the time therein referred to. Nor do we understand from the record and briefs of counsel that it is claimed on behalf of the respondents that the construction of the proposed open work will not destroy the lake; the

contention being that the benefits to the farm lands by way of drainage will justify the destruction of the lake. If this be true the remedy is with the lawmaking powers and not with the court.

When submitting this case it was contended that the proprietors of the land to the west of the lake had, under the common law rule as to surface waters, the right to rid their lands of such waters as best they could. Such is not the rule in this state. It has long been the established rule in this as in most other states, that the common law rule as to surface waters is qualified and restricted in accordance with the maxim that one must use his own so as not unnecessarily to injure others. The decisions upon this proposition are grouped in an extensive note in 27 R. C. L. at page 1145, and include those from this state. Judicial Ditch No. 10 of Nobles county has its outlet in the arm of the lake crossed by the proposed open ditch. When surface waters reach and become a part of a natural stream or permanent body like a lake, they lose their character as surface waters and are governed by a different rule. Schaefer v. Marthaler, 34 Minn. 487, 26 N. W. 726, 57 Am. Rep. 73.

We do not understand that it is claimed that the farmers west of the lake are in any way duty bound to retain surface waters for the supply of the lake, or to refrain from draining their lands. Such a proposition is not involved in this action, the sole question being whether the construction of the proposed open ditch will, in effect, destroy Round Lake. The order of the district court, so far as it relates to the establishment of the open portion of the proposed ditch referred to as an alteration of the original plan, is reversed and the cause remanded for further proceedings.