## IN RE JUDICIAL DITCH NO. 9 IN NOBLES COUNTY.[1]

October 23, 1925.

No. 24,671.

**Finding of fact that meandered lake will not be drained contrary to earlier decisions sustained by evidence.**

The evidence justifies the finding of the trial court that a proposed ditch will not damage a meandered lake and the order establishing the ditch is sustained.

See Drains, 19 C. J. p. 662, § 113.

Upon the relation of the county of Jackson the supreme court granted its writ of certiorari directed to the district court for Nobles county, Nelson, J., to review an order of that court establishing Judicial Ditch No. 9. Order affirmed.

*B. E. Grottum* and *Haycraft & McCune*, for relator.

*Wilson Borst* and *John Roberts*, for respondents.

DIBELL, J.

Certiorari to review the order of the district court of the Thirteenth judicial district establishing a judicial ditch.

This is the third effort, the first two unsuccessful, to drain a substantial area of wet lands in Nobles county lying west and north and northwest of Round lake, a meandered body of water in Jackson county. The result of the first effort is found in State v. District Court, 146 Minn. 150, 178 N. W. 595. It was held that the lake was of such character that it was not subject to drainage under the law, and the drainage project which contemplated draining it was held unauthorized. The result of the second effort is found in In re Judicial Ditch No. 9, 152 Minn. 544, 188 N. W. 321. The plan was to run the ditch south and east of the lake. It was held that the proposed ditch would drain Round lake and the establishment of the ditch was not sustained. In this proceeding it is pro

[1]Reported in 205 N. W. 442.

posed to run the ditch north of Round lake and to the east, cutting through a watershed, and finally outletting into a judicial ditch in Jackson county. At a point to the north a branch is run to the lake. The plan is to have traps in this branch so that in times of flood the waters from the ditch may go into the lake and replenish it, and so that waters will not be allowed to come from the lake into the ditch.

Jackson county is the only relator and the question presented is whether the ditch will drain the lake. If it will, the project cannot be sustained.

Competent engineers testified. There is evidence that the proposed ditch will and there is evidence that it will not affect the lake. The trial court, familiar with drainage proceedings and in position to give proper weight to the testimony of the engineers, and with definite and particular knowledge as to the proposed ditch and its probable effect on Round lake, finds that the lake will not be damaged. This finding, in view of the two cases cited, includes a finding that it will not be drained in a way held not permissible in our former decisions. The finding is one of ultimate fact, with evidence to sustain it, and under the familiar rule should not be disturbed by this court.

Order affirmed.